John CAMPBELL

v.

Willard LAWRENCE.

Civ. No. 1998.

United States District Court
N. D. Indiana, South Bend Division.

June 1, 1956.

Pfaff, Ettl & Mills, Benjamin Piser, South Bend, Ind., for plaintiff.

Roland Obenchain, Jr., South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages arising out of a collision between the respective automobiles of the parties which occurred on March 22, 1955 about 2½ miles north of Westfield, Indiana on U. S. No. 31, wherein the defendant has

244

filed a counterclaim seeking damages from the plaintiff alleged to have been sustained by the defendant as the result of said collision.

To the counterclaim the plaintiff has filed a reply, Count IV of which alleges that on August 4, 1955, the defendant, in consideration of $14,000 then paid by the plaintiff, released and discharged plaintiff from the claim set forth in the counterclaim.

Deposition of the defendant has been taken by the plaintiff and is on file wherein the defendant admits settlement for the damages alleged in the counterclaim; the execution of a release, and the receipt of the consideration therefor in the sum of $14,000.

The plaintiff has filed a motion for summary judgment on defendant's counterclaim with affidavits and copies of the release executed by the defendant, being Exhibit I, and of the check in the sum of $14,000 endorsed by the defendant, being Exhibit II, thereto attached. The defendant has filed nothing in opposition to the motion and has filed no counter affidavits, and upon submission of the motion for summary judgment it was stipulated by the parties that the consideration for the release attached to the motion of the plaintiff for summary judgment, and identified as Exhibit I, in the sum of $14,000 has never been returned by the defendant to the plaintiff herein.

It is the question raised by the motion of the plaintiff for summary judgment on the counterclaim of the defendant which now solicits the decision of this court.

The undisputed, uncontradicted and admitted facts before this court are that settlement was made with the defendant for the damages sustained by him in the collision in controversy; that he executed a release wherein he released and discharged the plaintiff of and from all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever which the defendant had and which might thereafter accrue as the result of said collision; that the defendant received the sum of $14,000 as the consideration for said release, which he has retained, and that he has never returned it to the plaintiff and has at no time, nor has anyone in his behalf, tendered to the plaintiff any monies or attempted to restore to the plaintiff anything of value which the defendant received as the consideration for said release.

It is the contention of the defendant that there is an issue as to a material fact in that the release might be proven to be invalid for some reason upon the trial of the cause and could thereby be avoided by the defendant. There would be merit in that contention were it not for the fact that the law is well settled that as a condition precedent to the right of the defendant to maintain his action under the counterclaim he would have to restore the status quo by restoring or tendering the consideration received by him. That is the general rule and is definitely the law in this state and in the state of Michigan where the release shows upon its face to have been executed.

It is the opinion of this court that the pleadings, deposition of the defendant, the admissions and affidavits on file show that there is no genuine issue as to any material fact on the counterclaim of the defendant and that the plaintiff is entitled to a judgment thereon as a matter of law. However, it is also the opinion of this court that the defendant would have the right to attempt to avoid the release upon the trial of this cause if proper tender of the consideration therefor was made by the defendant prior to submission.

Accordingly the motion of the plaintiff for summary judgment on the defendant's counterclaim is granted and the counterclaim dismissed without prejudice to the defendant to reinstate his counterclaim upon proper tender of the consideration for the release being made by the defendant if he seeks avoidance upon the trial of this cause.

It is so ordered and the clerk of this court will enter the following order:

"Parties present by counsel, and the motion of the plaintiff for summary judgment on defendant's counterclaim is granted and the counterclaim dismissed without prejudice to the defendant to reinstate his counterclaim upon proper tender of the sum of $14,000, the consideration for the release pleaded in Count IV of plaintiff's reply to defendant's counterclaim, being made by the defendant on or before June 18, 1956, being 7 days prior to the trial of this cause on June 25, 1956."